THE PEOPLE, PLAINTIFF AND RESPONDENT, *v.* GONZALEZ, DEFENDANT, AND ARROYO AND VICENTY, AS SURETIES; VICENTY, APPELLANT.

APPEAL from the District Court of Mayagüez in an action to recover costs in a criminal action.

No. 687.—Decided June 10, 1914.

BAIL—SECURITY NOT PRESUMED.—According to section 1728 of the Civil Code, security cannot be presumed but must be express and cannot exceed that which is specified in the bond.

554 THE PEOPLE v. GONZÁLEZ ET AL. [Vol. 20, P. R. R.

ID.—COSTS—SURETIES.—Section 375 of the Code of Criminal Procedure, which is applicable to bail to be given when an appeal is taken to the Supreme Court, imposes no obligation on the bondsmen to respond for the costs of the action.

ID.—SURETIES—SURRENDER—APPEARANCE—COSTS.—The bond given in the present case contains the following clause: "We hereby bind ourselves to surrender the said accused to comply with the said judgment if it should be affirmed or modified, or in case the judgment should be reversed and a new trial ordered, that the said accused, Jesús González, will appear before the court to which the case may be remanded and submit himself to the orders and process thereof, and, in case he should fail to comply with any of these conditions, we bind ourselves to pay to The People of Porto Rico the sum of $100. *Held:* That by the terms of the said bond the bondsmen only bound themselves to respond for the surrender of the accused for compliance with the sentence or for his appearance for a new trial, but not to be responsible for the costs of the action.

CONSTRUCTION OF LAW—PROVINCE OF COURT.—Pursuant to the provisions of section 26 of the Evidence Act of March 9, 1905, the province of the court in the construction of a statute is simply to ascertain and declare what is in terms and in substance contained therein and not to insert what has been omitted or to omit what has been inserted.

ID.—BAIL—APPEAL.—Section 48 of the Code of Criminal Procedure as amended by the Act of March 9, 1908, refers to appeals to district courts and is not applicable to bail given in cases appealed to the Supreme Court.

The facts are stated in the opinion.

*Mr. Charles E. Foote, fiscal,* for The People.

*Mr. Angel A. Vázquez* for Julio Vicenty.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

In a criminal action brought against Jesús González for fraudulently, wilfully and maliciously keeping and offering adulterated milk for sale as pure milk, which action was tried originally in the District Court of Mayagüez, the said court rendered judgment on April 3 last, ordering that Miguel Arroyo and Julio Vicenty pay to The People of Porto Rico the sum of $37.77, the amount of the costs incurred in the said action, and all such further costs as might be incurred in executing the judgment.

From that judgment the attorney for Julio Vicenty appealed to this court, citing in support of his appeal the terms of the surety bond, section 375 of the Code of Criminal Procedure, section 26 of the Law of Evidence and section 1728 of the Civil Code.

The essential part of the bond, as approved by the court, reads as follows:

"The District Court for the Judicial District of Mayagüez, P. R., having rendered judgment on this 12th day of May, 1913, in the above-entitled case for an offense against the public health, sentencing the accused, Jesús González, to twenty day's imprisonment, and an appeal having been taken to the Supreme Court of Porto Rico, the District Court of Mayagüez fixing bail at $100 for the purpose of allowing the accused to prosecute the said appeal and remain at liberty, we, Miguel Arroyo and Julio Vicenty, hereby bind ourselves to The People of Porto Rico and become responsible for the surrender of the said accused to comply with the said judgment if it should be affirmed or modified, or in case the judgment should be reversed and a new trial ordered, that the said accused, Jesús González, will appear before the court to which the case may be remanded and submit himself to the orders and process thereof, and in case he should fail to comply with any of these conditions, we bind ourselves to pay to The People of Porto Rico the sum of $100. (Signed) Miguel Arroyo.   (Signed) Julio Vicenty."

As will be seen, bondsmen Arroyo and Vicenty only bound themselves to respond for the surrender of the accused for compliance with the sentence or for his appearance for a new trial as might result from the appeal, but not to be responsible for the costs of the action. This being so, in rendering the judgment appealed from the lower court violated section 1728 of the Civil Code which provides that security is not presumed but must be expressed and cannot be extended further than that specified in the bond.

The bond given by Arroyo and Vicenty conforms to the provisions of section 375 of the Code of Criminal Procedure, which in the part applicable to this case reads as follows:

"Section 375.—If the offense is bailable the defendant may be admitted to bail before conviction:

\*        \*        \*        \*        \*        \*        \*

"And after conviction, and upon an appeal:

"1. If the appeal is from a judgment imposing a fine only, on

the undertaking of bail that he will pay the same, or such part of it as the Supreme Court may direct, if the judgment is affirmed or modified, or the appeal is dismissed.

"2. If judgment of imprisonment has been given, that he will surrender himself in execution of the judgment, upon its being affirmed or modified, or the judgment be reversed, and that the cause be remanded (*or if the judgment should be reversed and the case remanded*) for a new trial, that he will appear in the court to which said cause may be remanded and submit himself to the orders and process thereof."

The above section fixes the extent and conditions of the bail to be given when an appeal is taken to the Supreme Court from a judgment rendered by a district court and it imposes no obligation on the bondsmen to respond for the costs of the action.

Section 26 of the Evidence Act reads as follows:

"In the construction of a statute or instrument the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted;  *  *  *."

Section 48 of the Code of Criminal Procedure as amended by the Act of March 9, 1908, is not applicable to the present case for it refers to appeals to district courts, in which cases the bail bond should guarantee the payment of costs also. *People* v. *Luigi et al.,* 18 P. R. R., 937.

The judgment appealed from should be reversed.

*Reversed.*

Justices Wolf, del Toro and Aldrey concurred.

Mr. Justice Hutchison took no part in the decision of this case.